IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CECIL JEROME HATCHETT,

               Petitioner,      Civil No. 06-1023-TC

        v.               FINDINGS AND
                              RECOMMENDATION

JEAN HILL,

               Respondent.

COFFIN, Magistrate Judge.

Petitioner in this proceeding for habeas corpus relief under 28 U.S.C. § 2254 challenges his March 11, 1996, convictions for two counts of Sexual Abuse in the First Degree and Unlawful Sexual Penetration in the Second Degree.  Following a jury verdict of guilty, petitioner was sentenced to concurrent 75 month terms of imprisonment and 120 months of post-prison supervision. Exhibits to Answer (#33) Exhibit 101.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review.  Exhibits 103 - 107.

1 - FINDINGS AND RECOMMENDATION

Petitioner filed an amended Petition for post-conviction relief, Exhibit 108, but the Umatilla County Circuit Court denied relief, Exhibits 123- 125.  The Oregon Court of Appeals affirmed the PCR trial court without opinion and the Oregon Supreme Court denied review. Exhibits 126 - 135.

Petitioner filed a *pro se* Petition for Writ of Habeas Corpus Relief pursuant to 28 U.S.C. § 2254, (#10). Subsequently the Federal Public Defender was appointed to represent petitioner, and counsel filed a First Amended Petition (#70) alleging six claims for relief with numerous sub-parts.

In his Brief in Support of the First Amended Petition petitioner presents argument on three of the claims alleged in his First Amended Petition. Although the remaining claims are not briefed, petitioner seeks to "preserve those claims by incorporating the arguments in his petition." Brief in Support (#99) p. 23.

Un-argued claims are properly deemed waived and/or abandoned. See, Renderos v. Ryan, 469 F.3d 788, 800 (9th Cir. 2006), *cert. denied* 2007 US LEXIS 8289 (U.S. June 25, 2007) [claims waived where there is no attempt to prove them]; see also, Acosta-Huerta v. Estelle, 7 F.3d 139, 144 (9th Cir. 1993) [claims deemed abandoned where petitioner made no argument regarding them in his brief]; *see also*, Silva v. Woodford, 279 F.3d 825, 835 (9th Cir. 2002) (recognizing that a habeas petitioner bears the burden of proof).

To the extent that petitioner's claims are supported by arguments in his First Amended Petition, I find that such argument

fails to overcome the presumption of correctness afforded to the state court decisions denying the claims (discussed below). Therefore this Findings and Recommendation will specifically address only those claims that were specifically briefed.

Petitioner's Brief in support presents arguments in support of his First Claims For Relief subpart 9(D), and his Third and Fourth Claims for Relief.[1]

Respondent argues that petitioner's claims are procedurally defaulted because he did not "fairly present" them to Oregon's highest court. Response (#96) p. 1-2. Respondent further contends that insofar as petitioner's claims were presented to the Oregon State Courts, relief was denied in decisions that were neither "contrary to" nor "unreasonable applications of." United States Supreme Court precedent. Id.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he

_____

[1]Petitioner argues that his First Claim for Relief (ineffective assistance of counsel) "subclaims" A, C, F and G were properly exhausted and not procedurally defaulted. Brief in Support (#99) p. 9-10. However, he has not presented any argument on the *merits* of the ineffective assistance claims except for the specific claim alleged in subclaim D - the admission of the diagnosis of sexual abuse. Therefore that is the only claim of ineffective assistance of counsel addressed herein

must do so to properly exhaust that claim. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." <u>Gray v. Netherland</u>, 518 U.S. 152, 162-63 (1996).; <u>see also</u>, <u>Castillo v. McFadden</u>, 399 F.3d 993, 1000 (9th Cir. 2005).

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claim's merits will be considered. <u>Castille v. Peoples</u>, 489 U.S. 346, 351-52 (1989); <u>Roettgen v. Copeland</u>, 33 F.3d 36, 38 (9th Cir. 1984; <u>Turner v. Compoy</u>, 827 F.2d 526, 529 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).

Stated otherwise, each claim raised in a habeas petition must have been given one complete round of the state's appellate review process. <u>O'Sullivan v. Boerckel</u>, supra at 844-845, and the state courts must have had a full and fair opportunity to respond to any federal claim asserted by the petitioner. <u>Keeney v. Tamayo-Reyes</u>, <u>supra</u> at 10.

If a petitioner has failed to present a federal constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. <u>Boerckel</u>, 526 U.S. at 848, citing <u>Coleman v. Thompson</u>, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas

corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also, Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if petitioners show that the procedural default "worked to [petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S.538, 559 (1998).

Allegations of ineffective assistance of trial or appellate counsel are properly raised in post-conviction. State v. Lloyd, 109 Or. App. 213, 214 (1991), rev. denied 315 Or. 268 (1992). Ineffective assistance of counsel claims are discrete and each particular claim must be specifically alleged or it will be defaulted. Carriger v. Lewis, 971 F.2d 329, 333-334 (9th Cir. 1992)

5 - FINDINGS AND RECOMMENDATION

(en banc).

Petitioner directly appealed his sentence to the Oregon Court of Appeals presenting the sole assignment of error as follows: "Did the trial court err by imposing a sentence under ORS 137.700 (Measure 11)?" Exhibit 103, p. 2. The Oregon Court of Appeals affirmed the sentence without opinion. Exhibit 107. Petitioner petitioned the Oregon Supreme Court for review on the same assignment of error, Exhibit 105, and review was denied without opinion. Exhibit 106.

Petitioner filed an Amended Petition for Post-Conviction Relief alleging numerous claims. Exhibit 108. The post conviction court denied petitioner's claims in a written findings and conclusions. Exhibit 123.

Petitioner appealed the PCR court decision alleging the following assignment of error: "Whether trial counsel's failure to object to the admission of the expert testimony of a medical doctor, which included a diagnosis of sexual abuse, without any physical findings, constituted inadequate assistance of counsel." Exhibit 126, p. 1. Petitioner also filed a 309 page pro se Supplemental Brief, Exhibit 111, and other pro se supplemental memoranda. See exhibits 112 - 115. The Court of Appeals affirmed the PCR trial court without opinion, Exhibit 135, and the Oregon Supreme Court denied review. Exhibit 134.

In petitioner's First Claim for Relief subclaim D, petitioner alleges: "Trial counsel failed to adequately address the testimony presented by Linda Loranz, M.D., a pediatrician with the 'CARES'

6 - FINDINGS AND RECOMMENDATION

program, who examined the complaining witness and purported to
'diagnosis' her as suffering from the medical malady of 'sexual
abuse' even though the doctor found no physical evidence supporting
any contention of sexual abuse. . . . There was significant
information available to confront this evidence, none of which was
produced by trial counsel." First Amended Petition (#70) p. 6;
Brief in Support (#99) p. 6.

Petitioner alleged in his Amended Petition for Post-Conviction
Relief (#108) that his counsel was ineffective because he did not
"object to Linda Loranz's testimony when she made a diagnosis of
'child abuse with treatment." Exhibit 108 p. 5. In denying
petitioner's ineffective assistance of counsel claims, the PCR
trial court did not specifically address this claim. See,
Exhibit 123.

On appeal of the PCR court decision, petitioner presented the
following question: "Whether trial counsel's failure to object to
the admission of the expert testimony of a medical doctor, which
included a diagnosis of sexual abuse, without any physical
findings, constituted inadequate assistance of counsel." Exhibit
126, Appellant's Brief, p. 1. In support of the claim, petitioner
argued: 1.) Counsel should have objected on the ground that the
state had failed to establish the foundation for scientific
evidence required by State v. Brown, 97 Or 404, 687 P2d 751 (1984)
and [other cases]." 2.) Trial counsel should have objected on the
ground that Dr. Loranz's diagnosis of sexual abuse and other
testimony was an impermissible comment on the credibility of

another witness; and 3.) "Petitioner was prejudiced by counsel's failure to object to Dr. Loranz's testimony in that the credibility of the complainant's testimony was the critical issue at trial. Dr. Loranz's testimony unquestionably bolstered the complainant while at the same time casting doubt on the critical defense witness, petitioner's son." *Id.*, p. 1-2.

Respondent argued:

As stated in the "preservation" section of the answer to petitioner's assignment of error, his amended petition contained a broad claim that counsel should have objected to Dr. Lorenz's diagnosis. He did not specify the basis on which he contended counsel should have objected, and thus he arguably raised at the outset a broad enough claim to encompass all of the issues he raises on appeal. However, he subsequently narrowed that claim by filing, among his numerous memoranda and other papers, a document that pursued one issue only: whether Loranz was improperly permitted to comment on the credibility of the victim's disclosures (*See* ER 9-25). He did not pursue any other theories in any other memorandum or at trial. (*See* Tr. 1-9). His selection of that particular theory to the exclusion of any other potential theories for challenging Loranz's testimony constituted an abandonment of any *other* claims that otherwise might have been originally encompassed by the broad claim in the petition.

"For purposes of preserving error, it is essential to raise the relevant issue at trial," and this requirement is not to be transformed "into a cursory search for some common thread, however remote, between an issue on appeal and a position that was advanced at trial." *State v. Wyatt*, 331 Or. 335, 342, 15 P3d 22 (2000). In order to preserve error, "a party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify the alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *Id.* at 343. The burden is on the objecting party to be specific, and a party may not "convert his lack of specificity at trial into a basis for raising new objections on appeal." *Miller v. Salem Merchant Patrol*, 165 Or App 266, 273, 995 P2d 1206 (2000).

> In this case, petitioner is not merely attempting to convert the lack of specificity in his amended petition into a series of new objections on appeal; instead, he is attempting to construct new bases for claims of inadequate assistance of counsel that he could have raised, but did not raise, below. For that reason, this court should consider only one of petitioner's theories on appeal: that trial counsel provided inadequate assistance by failing to object on the ground that Loranz's testimony equated to a comment on the victim's credibility.

Exhibit 128, Respondent's Brief p. 15-16.

The Court of Appeals affirmed the PCR trial court without opinion. Therefore it is impossible to know which claims they considered. However, the PCR court record supports respondent's argument that the only specific argument in support of his claim of ineffective assistance of counsel advanced by petitioner in his PRC proceeding was that counsel should have objected to the Loranz testimony on the grounds that it constituted an improper comment on the witness' credibility.

Petitioner was not represented by counsel at his PCR trial and by agreement, the case proceeded by way of the pleading submitted by petitioner. Exhibit 122, PCR Trial Transcript, p. 1-9.The pleadings he submitted to the court are Exhibits 111 - 115 in this proceeding and consist of approximately 530 pages. The court has carefully reviewed these documents. The only argument concerning Dr. Loranz's testimony is found in petitioner's First Supplemental Memorandum, Exhibit 111, p. 172 and petitioner's Third Supplemental Memorandum, Exhibit 115, p. 15 and p. 26. The only argument made concerning Dr. Loranz's testimony was that was allegedly improper "vouching" or an improper comment on another witness' credibility.

None of the other claims concerning Dr. Loranz's testimony raised in petitioner's PCR appeal were made at the PCR trial court level. Thus, that is the only claim that was "fairly presented" to the PCR appellate court for purposes of exhaustion of remedies.

Petitioner's Petition for review in the Oregon Supreme Court raised the claims that counsel should have objected to Dr. Loranz's testimony as inadmissible without the requisite foundation, counsel should have objected to Dr. Lorenz's testimony as impermissible opinion on the credibility of the complainant and "improper prosecutorial vouching." Exhibit 133, p. 3. Petitioner also alleged that counsel should have objected to the testimony on "due process grounds." Id. However, as discussed above, the only argument that was preserved at the trial court level and properly before the post-conviction appellate court was the claim that counsel failed to provide adequate assistance by failing to object on the ground that Loranz's testimony equated to a comment on the victim's credibility.

Accordingly, the "improper comment on credibility / vouching" claim is the only claim that petitioner "fairly presented" to the Oregon Supreme Court. Petitioner is now barred under Oregon law from filing any additional appeals or PCR proceedings, and therefore cannot "fairly present" any additional claims to the Oregon state courts.[2]   All of his other claims of ineffective

---

[2]ORS 138 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register.  ORS 138.650 requires PCR appeals to be filed within 30 days after the entry of final judgment.   ORS 2.520 requires petitions for review to the Oregon Supreme Court to be filed within

assistance of counsel are procedurally defaulted. Petitioner has not established cause and prejudice for his procedural default or that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement.

The PCR court denied relief on petitioner's ineffective assistance of counsel claim. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, habeas relief may be granted only when a state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceedings." 28 U.S.C. § 2254(d); Wiggins v. Smith, 539 U.S. 510, 520 (2003).

A state court's decision is "'contrary to' federal law if it fails to apply the correct controlling Supreme Court authority or comes to a different conclusion ... [from] a case involving materially indistinguishable facts." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002) (citing Bell v. Cone, 535 U.S. 685, 694). The Supreme Court has held that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000).

_____

35 days from the date of the Court of Appeals's decision. *See also*, ORAP 9.05(2) (same). Finally, ORS 138.550(3) provides that all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

In addition, under 28 U.S.C. § 2254(d)(2), "a determination of a factual issue made by a state court shall be presumed to be correct.    The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Miller-El v. Cockrell, 537 U.S. 322, 351 (2003).

"[I]t is past question that the rule set forth in Strickland, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v Taylor, supra at 391.    Under Williams, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

Under Strickland, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components.    First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense.    Id. at 687.

The first prong of the Strickland test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness.    Strickland, supra at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."    Id., at 694.    A "reasonable probability" is one that is sufficient to undermine confidence in the outcome."

Id.

In <u>Bell v. Cone</u>, 535 U.S. 685 (2002), the Court reiterated that when considering ineffective assistance of counsel claims:

> [J]udicial scrutiny of a counsel's performance must be highly deferential and that every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Thus, even when a court is presented with an ineffective-assistance claim not subject to § 2254(d)(1) deference, a defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

<u>Bell</u>, 535 U.S. at 695 (citations and quotations marks omitted).

When considering ineffective assistance of counsel claims under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to show that the state court applied <u>Strickland</u> to the facts of his case in an objectively unreasonable manner." <u>Woodford v. Visciotti</u>, 537 U.S. 19, 25 (2002) (per curiam).

The general nature of the *Strickland* test combined with the deference prescribed by § 2254(d) combines to require the federal court not to evaluate the state court's determination itself, but whether the state court's determination was unreasonable. <u>Knowles v. Mirzayance</u>, 129 S.Ct. 1411, 1420 (2009) (citing <u>Schriro v. Landrigan</u>, 550 U.S. 465, 473 (2007).

Petitioner has failed to establish that the PCR court conclusion that petitioner was not denied adequate assistance of counsel was contrary to, or an unreasonable application of *Strictland*. Therefore the state court finding is presumed to be correct and entitled to deference by this court. Moreover, for the

reasons set forth below, I find that the PCR court finding is correct on the merits.

As discussed above, petitioner's claim that his counsel was ineffective for failing to object to Dr. Loranz's testimony regarding the diagnosis of sexual abuse on the basis that it constituted "one witness' comment on the credibility of another witness" and "improper vouching," First Amended Petition (#70), p. 9, is the only ineffective assistance of counsel claim that petitioner fairly presented to the Oregon Supreme Court.

Petitioner argued in his Appellant's Brief that Dr. Loranz's diagnosis that the victim had been sexually abused was based in part on the victim's "disclosure" to her during a physical examination that petitioner had touched her breasts with his hands and penetrated her vagina with his fingers. Exhibit 126, p. 11. Dr. Loranz also testified that the victim's description of the incident were "things that we would expect would be supportive of first hand experience, and there were a number of details during the interview ...that were also supportive of first hand experience." Exhibit 32, Transcript Designation (TR) p. 105-107. Petitioner argued that "(a)lthough it was dressed up as a 'medical diagnosis,' Dr. Loranz's opinion that the complainant had been sexually abused, based solely on her statements, was inadmissible because it amounted to an improper commentary on the credibility of another witness." Id., p. 15.

In State v. Leahy, the Oregon Court of Appeals summarized Oregon Law with respect to witnesses vouching for the credibility

of other witnesses as follows:

> "[I]n Oregon, a witness, expert or otherwise, may
> not give an opinion on whether he believes a witness is
> telling the truth." State v. Middleton, 294 Or. 427, 438,
> 657 P2d 1215 (1983).  In fact, expert testimony that is
> even "tantamount" to saying that a particular witness is
> telling the truth is inadmissible.  See, e.g., State v.
> Keller, 315 Or 273, 285, 844 P2d 195 (1993) (expert's
> testimony that "[t]here was no evidence of leading or
> coaching or fantasizing" by alleged child victim of
> sexual abuse, and that child was "obviously telling you
> about what happened to her body" was an improper comment
> on the witness's credibility); State v. Milbradt, 305 Or
> 621, 630, 756 P2d 620 (1988) ("An opinion that a person is
> not deceptive, could not lie without being tripped up,
> and would not betray a friend (to wit: the defendant) is
> tantamount to" an expert opinion on credibility, and
> therefore inadmissible); State v. McQuisten, 97 Or App
> 517, 519-20, 776 P2d 1304 (1989) (officer's statements
> indicating that he believed story of complaining witness,
> and that her responses were "typical of persons who had
> been accosted," were inadmissible).  On the other hand,
> an expert may comment on whether a witness's inconsistent
> statements are consistent with, or similar to, the
> "common phenomenon" of false recantation by abuse
> victims.  Middleton, 294 Or at 436, 657 P2d 1215; State
> v. Remme, 173 Or App 546, 561, 23 P3d 374 (2001).  In
> Remme we explained that the "common principle underlying
> Middleton, Milbradt, and Keller is that expert testimony
> must assist, not supplant, the jury's assessment of
> credibility."

State v. Leahy, 190 Or App 147, 152-53, 78 P3d 132 (2003).

Moreover, "[t]he jury's function is not impinged upon when

expert testimony does no more than provide jurors with useful,

nonconclusive information from which *inferences* as to credibility

*may* be drawn."  *Remme*, 173 Or App at 562 (emphasis in original).

The inferences that the witness's testimony creates are not

improper unless the witness "connect[s] the dots" between the

useful nonconclusive information and its application to a specific

witness. *Id.*, at 558.  When a witness "explicitly state[s] whether

he or she believed that the complainant/witness was telling the

truth," the last "dot" is connected. *Id*. In other words, what is forbidden is any "direct comment" about another witness's credibility. State v. Butterfield, 128 Or 1, 12, 874 P2d 1339, *rev den* 319 Or 625 (1994).

Petitioner has failed to identify any portion of Dr. Loranz's testimony that could reasonably be construed as a direct comment on the victim's credibility or as "connecting the dots" between the "useful nonconclusive information" (*ie*., the diagnosis of sexual abuse) and its application to the victim's testimony.

I find that an objection to Dr. Loranz's testimony that she had diagnosed the victim of having suffered sexual abuse on the basis that it constituted an improper comment on the credibility of another witness, would not have been successful because Dr. Loranze did not directly comment on the victim's credibility.

Prior to petitioner's trial and appeal, the Oregon Court of Appeals had specifically rejected the argument that a diagnosis of sexual abuse was an improper comment on the credibility of the victim. State v. Wilson, 1212 Or. App. 460, 462-67, 855 P.2d, 657, 658-61, *rev. den*., 318 Or. 61, 865 P.2d 1297 (1993). The diagnosis of "sexual abuse" was clearly admissible testimony under *Wilson*.[3] Counsel was not ineffective for failing to make an improper objection.

Respondent argues that "[i]n the recent State v. Southard, 347

---

[3]In his Appellant's Brief on PCR appeal, petitioner acknowledged that in *Wilson* the Oregon Court of Appeals had affirmed a trial court's decision allowing an expert to give a diagnosis of sexual abuse. Exhibit 126, p. 17.

Or. 127, 218 P3d 104 (Or. 2009) the Oregon Supreme Court clarified that a 'diagnosis' of sexual abuse - when there is no physical evidence - was simply a comment on credibility that was inadmissible under Oregon law." Brief in Support (#99), p. 7. However, *Southard* was decided long after the final judgment in petitioner's case. Counsel is not required to anticipate later decisions or developments in the law. <u>United States v. Gonzales-Lerma</u>, 71 F.3d 1537 (10th Cir. 1995) ("the failure of an attorney to foresee future developments in the law" does not constitute inadequate assistance"), *overruled on other grounds, United States v. Flowers*, 441 F.3d 900 (10th Cir. 2006).

Petitioner's argument that the *Southard* decision "neither overturned prior case law nor announced some new rule" but rather "simply applied existing law to this particular issue," Brief in Support (#99) p. 7, is not convincing.

Prior to the *Southard* decision in 2009 and during the pendency of petitioner's state case in 1995, the rule in Oregon was that expert testimony as to the diagnosis of child sex abuse was permissible, even in the absence of physical evidence. *See*, <u>Umberger v. Czerniak</u>, 233 Or App 563, 565-566, 222 P3d 751 (2009), *rev den*, 348 Or 13, 227 P3d 1172 (2010):

> At the time of petitioner's 1998 trial, the rule regarding expert testimony as to a diagnosis of child sexual abuse was exemplified by *State v. Wilson*, 121 Or App 460, 465-66, 855 P2d 657, *rev den*, 318 Or 61, 865 P2d 1297 (1993). There, we held that the trial court did not err in admitting expert testimony *** that diagnosed the child as a victim of sexual abuse. In that case, there was no physically evidence of the abuse. *Id.*, at 462, 855 P2d 657. Yet we stated: 'Although, if believed, [the expert's] testimony supported the child's testimony, that

17 - FINDINGS AND RECOMMENDATION

does not render it a *direct* comment on the child's
credibility *** A medical doctor is not precluded from
testifying as to her medical diagnosis simply because the
jury may infer from that testimony that another witness
is or is not telling the trust.' *** *Only recently* in
State v. Southard, 347 Or 127, 142, 218 P3d 104 (2009),
*did the Oregon Supreme Court hold differently*.   The
question on review in that case was 'whether a diagnosis
of sexual abuse - ie., a statement from an expert that,
in the expert's opinion, the child was sexually abused -
is admissible in the absence of any physical evidence of
abuse.    The court held that, 'where, as here, that
diagnosis does not tell the jury anything that it could
not have been determined on its own, the diagnosis is not
admissible under OEC 403." *Id*. (emphasis added).

The court in *Umberger* held that, "given the law prior to
*Southard*" Umberger's attorney need not have been clairvoyant and
therefore did not provide ineffective assistance in failing to
object to to a medical diagnosis of child sexual abuse in the
absence of any physical evidence. *Umberger*, 233 Or App at 566.

For purposes of the performance standard of *Strickland*,
counsel's conduct must be evaluated at the time of the conduct.
Lowery v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994). At the time of
petitioner's trial, the testimony he objects to in this proceeding
was clearly admissible under Oregon law, and petitioner's counsel
was not ineffective for failing to anticipate future developments
in the law and specifically the *Southard* decision.

Even if counsel had successfully prevented Dr. Loranz from
testifying about her medical diagnosis, petitioner has failed to
establish a reasonable probability that Dr. Loranz's testimony
affected the result of the trial.    Therefore, petitioner has also
failed to establish entitlement to relief under the second
(prejudice) prong of the *Strickland* analysis.

18 - FINDINGS AND RECOMMENDATION

In his Third Claim for Relief, petitioner alleges his "conviction and sentence violate his rights under the Fifth, Sixth and Fourteenth Amendments to testify in his own defense." First Amended Petition (#70), p. 14.

Petitioner contends that "this claim was presented with sufficient particularity to deem it exhausted by the *pro se* filings." Brief in Support (#99), p. 11. Specifically, petitioner references his Amended Petition for Post-conviction Relief claim (g) - which alleges he was denied adequate assistance of counsel because his attorney failed to "present evidence and facts important to Petitioner's case." Exhibit 108, p. 5. Petitioner also references the portion of his deposition which was submitted to the PCR court and on PCR appeal which states:

Q: And you stated that you did not testify on your own behalf?

A: Correct.

Q: Now, I am assuming the victim in this case testified that you had, in fact done these things to her. Now, why didn't you take the stand to rebut what she said? Was there a reason why you didn't?

A: Fishback suggested not to take the stand.

Q: And what would you have said if you had taken the stand?

A: I would have said that she was a liar and it wasn't true and the same thing my son had testified to.

Exhibit 121, [Defendant's PCR Exhibit 107] p. 20; and Exhibit 130 [Appellant's Pro Se Supplemental Excerpts of Record, including Deposition of Cecil Hatchett at p. EER 63.

19 - FINDINGS AND RECOMMENDATION

Petitioner's PCR claim that his counsel was ineffective because he failed to "present evidence and facts important to Petitioner's case" even considered in conjunction with petitioner's deposition reference to his attorney's "suggestion" that he not take the stand, and possible arguments in the unidentified "pro se filing" did not "fairly present" the claim alleged in petitioner's Third Claim for Relief to the Oregon courts.[4] Specifically, petitioner's PCR claim does not "include reference to a specific constitutional guarantee, as well as a statement fo facts that would entitle the petitioner to relief. *Gray v. Netherlands*, *supra*. In short, petitioner did not afford the state courts a "full and fair" opportunity to resolve the federal claim alleged in his Third Claim for Relief, and it is procedurally defaulted.

Petitioner has not demonstrated cause and prejudice for his procedural default or that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement.

Assuming that petitioner's Third Claim for Relief is properly before the court, I find that petitioner has failed to establish entitlement to relief on the merits.

A defendant's waiver of his right to testify may be presumed from his silence. If a defendant wants to testify, he or she can reject his or her attorney's tactical decision by insisting on testifying, speaking to the court or discharging the attorney.

_____

[4]Petitioner's Third Claim for Relief does not allege ineffective assistance of counsel and alleges that the violation of his right to testify in his defense was a "structural error in his trial" First Amended Petition (#70) p. 15.

<u>United States v. Joelson</u>, 7 F.3d 174, 177 (9th Cir. 1993).
Petitioner has failed to present any evidence that he did any of
these things. Waiver of the right to testify can be presumed from
a defendant's conduct, and it is presumed from the defendant's
failure to testify or notify the court of a desire to do so.
*Joelson*, 7 F.3d at 177; *see also*, <u>United States v. Edwards</u>, 897
F.2d 445, 446-447 (9th Cir. 1990); <u>United States v. Nohara</u>, 3 F.3d
1239, 1244 (9th Cir. 1993).

Petitioner acknowledges that "the law in this Circuit is that
a defendant's waiver of his right to testify may be presumed from
a silent record, <u>United States v. Martinez</u>, 883 F.2d 750 (9th Cir.
1989) ... and that neither a court nor counsel must advise a
defendant that he has an absolute right to testify against
counsel's advice. (Citations omitted)" Brief in Support (#99) p.
12. Petitioner argues however that these cases "are inconsistent
with Supreme Court rulings... ." *Id.*

I find that petitioner has failed to present any evidence that
he tried to invoke his right to testify and was prevented from
doing so by his attorney or the trial court, and that his waiver
can be presumed from his silence.

Petitioner alleges as his Fourth Claim for Relief that he was
deprived of his rights under the Sixth Amendment because he was
found guilty by a non-unanimous jury verdict.<sup>5</sup>

---

<sup>5</sup>Petitioner acknowledges "that to date no federal court has
granted relief on the non-unanimous jury claim. However, the matter
continues to be litigated in various courts and the Supreme Court
has not yet spoken on the issue, therefore this claim for relief is
fully briefed in order to preserve Mr. Hatchett's rights thereon."

The jury verdict in petitioner's case was 10 guilty on all three counts, and one not guilty on all three counts; and, one not guilty on one count of Sexual Abuse in the First Degree, guilty on one count of Sexual Abuse in the First Degree and not guilty on the remaining count of Unlawful Sexual Penetration in the Second Degree. Transcript Designation (#32) p. 232 - 235.

Petitioner contends "[t]here is no procedural bar to hearing these claims (sic) on the merits because the Supreme Court excuses exhaustion requirements for new legal claims based on recent jurisprudence." Brief in Support (#99) p. 22.

As discussed below, the controlling "recent jurisprudence" concerning the issue of non-unanimous jury verdicts does not favor petitioner's position. Assuming *arguendo* that petitioner's Fourth Claim for Relief is properly before the court, I find that it fails on the merits.

In Apodaca v. Oregon, 406 U.S. 404 (1972) the Supreme Court held that an Oregon Constitutional Amendment permitting less than unanimous jury verdict did not violate the Sixth Amendment of the United States Constitution.

Petitioner argues that since *Apodoca* was decided, the Supreme Court has issued decisions in the *Apprendi* and *Blakely* line of cases that have undermined *Apodaca's* controlling authority. Brief in Support (#99). P. 17-20.

However, in State v. Bowen, 215 Or App 199 (2007), *rev den*, 345 Or. 415 (2008), the Oregon Court of Appeals found that the

---

Brief in Support (#99) p. 13, fn. 2.

decision in *Apodaca* permitting less-than-unanimous jury verdicts remained in effect following *Apprendi*.

Specifically, the court stated:

> Necessarily implicit in defendant's argument is the premise that the Court's observation in *Blakely* had the effect of overruling *Apodaca v. Oregon*, 406 U.S. 404, 92 S Ct 1628, 32 L Ed 184 (1972). In *Apodaca*, the Court held that the permissibility of less-than-unanimous jury verdicts under Article I, section 11, did not violate the Sixth Amendment to the United States Constitution. *Apodaca*, 406 US at 407-14. Nothing in *Blakely* purports to overrule *Apodaca*; indeed *Blakely* does not include any reference to *Apodaca*. Rather, as the trial court correctly observed, jury unanimity –or the lack thereof–was immaterial to the analysis in *Blakely*, and its antecedent, *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 435 (2000), which both addressed the constitutionality prescribed role of the jury, as opposed to the court, in determining facts material to the imposition of criminal sentences.

*Id.*, at 202. The Supreme Court denied *certorari* review of the *Bowen* decision. *See*, *Bowen v. Oregon*, 130 S.Ct. 52 (US. Or. Oct. 5, 2009); *see also*, *Lee v. Louisiana*, 964 So. 2d 967 (La C App 2007), *abrogated on other grounds by*, 976 So. 2d 109 (2008), *cert. Denied*, 129 S Ct 143 (2008) (upholding a non-unanimous jury verdict).

Despite petitioner's cogent analysis, this issue has been presented to the Supreme Court at least twice since the decisions in *Apprendi* and *Blakely*, and in each instance the Court has not granted review and permitted Apodaca to remain the clearly established federal law. Accordingly, petitioner's Fourth Claim for Relief fails on the merits.

Based on all of the foregoing, petitioner's First Amended Petition (#70) should be denied.   This proceeding should be dismissed.

23 - FINDINGS AND RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this ℤ/ day of December, 2011.

Thomas M. Coffin
United States Magistrate Judge